# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ROBERT LANCE NASH,**  *Plaintiff,*  v.  **Sheriff CULLEN TALTON,**  *Defendant.* | **CIVIL ACTION NO. 5:18-cv-00175-TES-CHW** |

## ORDER DISMISSING RECAST COMPLAINT WITHOUT PREJUDICE

Plaintiff Robert Lance Nash, an inmate in the Houston County Detention Center in Perry, Georgia, filed a *pro se* complaint under 42 U.S.C. § 1983. [Doc. 1]. Plaintiff also moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). [Docs. 2, 5]. After due consideration, the United States Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis*.

Additionally, finding that Plaintiff's complaint, as drafted, failed to state a claim for relief, the Magistrate Judge ordered Plaintiff to recast his statement of claims. Plaintiff has now filed a recast complaint, which is ripe for preliminary review. [Doc. 7]. On preliminary review of Plaintiff's recast complaint, the Court finds that Plaintiff's recast complaint also fails to state a claim for relief. Accordingly, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

A.      **Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review of Plaintiff's Complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). The Court also holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s] *pro se* claims." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). On this basis, the Court will dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under Section 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) a person acting under color of state law committed the act or omission. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

B. **Plaintiff's Recast Complaint**

As with the original complaint, Plaintiff's allegations in the recast complaint are somewhat minimal, but the basis of his recast complaint is that, after a small group of prisoners were involved in a fight, administrators placed all of the inmates on lockdown as punishment. [Doc. 7, p. 5]. Plaintiff asserts that this punishment violated his Thirteenth Amendment right to be free from slavery, his Fourteenth Amendment right to due

process, and his Eighth Amendment right to be free from cruel and unusual punishment. [*Id.*].

The Thirteenth Amendment prohibits slavery and involuntary servitude, except as punishment for a crime for which the party has been duly convicted. U.S. Const. Amend. XIII. In the recast complaint, Plaintiff has not set forth any facts explaining how being placed on lockdown could be considered slavery or involuntary servitude. Moreover, even if Plaintiff was arguing that he was being forced to work without pay, the Eleventh Circuit has held that the Thirteenth Amendment does not apply to a prisoner who is forced to work by prison regulations or state statutes after having been convicted of a crime and sentenced to imprisonment. *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983). Thus, Plaintiff has not stated a Thirteenth Amendment claim.

As to Plaintiff's right to due process under the Fourteenth Amendment, Plaintiff has again alleged no facts suggesting that the conditions of the lockdown were such that Defendant Sheriff Cullen Talton violated Plaintiff's rights. In particular, to state a claim for a denial of due process based on prison sanctions, an inmate must allege facts showing that the sanctions constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff has not alleged any facts with regard to the nature of the lockdown, how the conditions of lockdown differed from ordinary prison life, or how long the inmates were held on lockdown. In the absence of such allegations, Plaintiff cannot state

4

a due process claim based on his placement in lockdown. *See id.*

Finally, an Eighth Amendment claim generally involves "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Moreover, a prison security measure undertaken to control a disturbance generally does not rise to the level of an Eighth Amendment violation unless officials acted in bad faith and for no legitimate purpose. *See also Whitley v. Albers*, 475 U.S. 312, 321–22 (1986). In the recast complaint, Plaintiff makes no allegations to show that the lockdown involved any infliction of pain at all, much less a wanton and unnecessary infliction of pain. Moreover, although Plaintiff asserts that he was not involved in the fight that led to the lockdown, his allegations do not suggest that Talton imposed the lockdown in bad faith or for no legitimate purpose. Thus, Plaintiff also has not stated a claim for an Eighth Amendment violation.

Thus, for the reasons discussed above, Plaintiff has not stated a claim upon which relief may be granted. Accordingly, his complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**SO ORDERED**, this 11th day of February, 2019.

<u>s/Tilman E. Self, III</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**